Sullivan, J.
This action was brought by defendant in error against plaintiff in error September 26, 1898, in the common pleas, on an account for goods sold and delivered tó plaintiff in error.
Plaintiff in error and each member thereof being a nonresident of the state, the defendant in error filed his affidavit with the clerk setting forth the fact of such non-residence, upon which an order of attachment was issued and levied upon goods and chattels of plaintiff found in the county.
Plaintiff in error filed its motion to dissolve the attachment, claiming that non-residence alone was not a ground upon which the order could issue, claiming that section 5521,as amended April 26, 1898, contained no such ground.
The common pleas overruled this motion, sustained the attachment, and entered up judgment against plaintiff in error for costs, and it is to reverse that judgment that plaintiff prosecutes error to this court.
Prior to the amendment of section 5521,of April 26,1898, that section provided “that in a civil action for the recovery of money, plaintiff at or after the commencement thereof, *390 might have an attachment against the property of the defendant where the defendant or one of several defendants is a foreign corporation, or a non-resident of this state;” whilst the section as amended reads “that the plaintiff in a suit for the recovery of money, may, at or after the commencement thereof, have an attachment when the defendant, or one of the several defendants is a foreign corporation, except as provided by an act entitled an act to further supplement section 148, of the Revised Statutes, passed May 6, 1894, (91 O, L., 272), and as except provided by “an act entitled an act to amend section 1, of an act”, etc., passed May 19, 1894, (91 O. L., 355.) [S. S. 48 C., 148d]. The words ‘‘or a non-resident of this state”, immediately following the words ‘‘foreign corporation” appearing in the section before amended do not appear in the section as amended. It is therefore contended by counsel for plaintiff in error, that since such amendment, and before the bringing of this suit in the court below, the non-residence of a defendant from this state was not a ground for an attachment, and that it was intentionally emitted by the legislature, which omission constituted the amendment of the section, in part. The only reason urged by counsel in support of such claim, was the omission, and nothing more. They did not claim that the reasons which suggested the wisdom and fairness of such ground for an attachment, did not still exist, and were not as potent as when this ground”was^first incorporated into the section, nor did they contend for any discrimination between a defendant as a foreigNcorporation, and a natural person as a non-resident defendant.
The^concluding paragraph of section 6521, as amended, providing that attachments shall issue only for certain claims, upon the'ground that the defendant is a foreign corporation"or"a”non-resident of this state, is the same as that of the section before it was amended. And also sec *391 tion 5523, providing that no undertaking shall be required when an attachment is issued upon the ground that the defendant is a foreign corporation or a non-resident of the state, is unchanged — containing still the same provision.
It would certainly seem, if the legislature nc longer intended to retain as a ground for-an attachment the non-residence of the defendant or one of several defendants from this state, it would have readily discerned that there would not be any necessity for retaining the provisions found still in the foregoing sections, as above recited. We are of the opinion, that it was the intention of the legislature to amend 5521, to include simply the exceptions with reference to the foreign corporations as stated in the amendment, and that the words “or a non-resident of this state” were omitted through inadvertance, and were intended to be included in the paragraph of that section changed by the amendment.
No reason is made to appear, why the legislature should discriminate between a foreign corporation, except, (in the several exceptions stated now in section 5521) and a non-resident defendant. The reasons for such a ground for an attachment existed as much at the date of the amendment, and with as much force, as when this ground was first incorporated into the statute. We are therefore of the opinion it. was the intention of the legislature to include such ground in the amended statute.
A thing within the intention of the makers of a statute is as much within the statute as it were within the letter.
“The intention of the law maker constitutes the law. A thing may be within the letter of the statute and net within its meaning; and within its meaning though not within its terms. ”
Slater v. Cave, 3 Ohio St., 80.
And “that which is plainly implied in the language of *392 ■the statute is as much a part of it as that which is expressed. ”
Long & Kyle, for Plaintiff in Error.
Anderson & Bowman, contra.
Doyle v. Doyle, Jr., 50 Ohio St., 330.
"The words of a remedial statute are to be construed largely and beneficially so as to suppress the mischief and advance the remedy. It is by no means unusual in construing remedial statutes to extend the enacting words beyond their natural import and effect, in order to include cases within the same mischiefs. ”
The judgment of the court below in overruling the motion to dissolve the attachment was correct,and the judgment is . affirmed.